WESTERN UNION TELEGRAPH CO. v. CITY OF TOLEDO et al.

(Circuit Court of Appeals, Sixth Circuit. March 11, 1903.)

No. 1,120.

1. TELEGRAPH COMPANY—CALL-BOX SERVICE—RIGHT TO OCCUPY STREETS— PERMISSION OF COUNCIL—NECESSITY—PREVIOUS DECISION—LAW OF THE. CASE—COMPLIANCE.

On appeal from the granting of a preliminary injunction restraining a city from interfering with the construction of a district telegraph system in its streets, the injunction was vacated, and the cause remanded, the court holding that the complainant company should have made the usual application for a permit in accordance with the city's regulations, and that it had no right to construct its works in defiance of those requirements. The company then petitioned subordinate city officers for a permit, and was informed that they did not have authority to issue

¶ 1. Rights of telegraph and telephone companies to use of streets, see note to Southern Bell Telephone & Telegraph Co. v. City of Richmond, 44 C. C. A. 155.

one until the applicant had first obtained a permit from the common council. *Held*, that these facts failed to constitute a compliance with the previous decision.

2. SAME.

The determination of a legal question made upon reversing an order granting a preliminary injunction, becomes the law of the case.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Henry D. Estabrook (John W. Warrington, of counsel), for appellant.

M. R. Brailey and Chas. K. Friedman, for appellees.

Before LURTON and SEVERENS, Circuit Judges.

SEVERENS, Circuit Judge. This case was here before on an appeal by the city of Toledo from an order granting a preliminary injunction restraining it from interfering with the construction of a district telegraph system by the telegraph company, the present appellant, in the streets of the city. The case was fully argued, and a decision was here rendered, reversing the order of the Circuit Court upon the ground that it was improvidently made, and remanding the cause for further proceedings. 107 Fed. 10, 46 C. C. A. 111, 52 L. R. A. 730, to which report reference may be made for the facts then presented. After the cause was remanded, the Circuit Court permitted the telegraph company to file a supplemental and amended bill. The only amendment or supplemental matter added which is important to be now considered consisted of an allegation that since the former appeal the company "petitioned the superintendent of fire-alarm telegraph and the city civil engineer to grant to your orator permits to lay in its said conduits heretofore built in said city such cables as it might deem necessary for the proper conduct and operation of telegraphing, and to connect the wires in said cables with its main and various branch offices throughout the city of Toledo, and with its call boxes located in various business blocks and public buildings in said city, where the owners of such business blocks and the superintendents of such public buildings desire to have the use and advantage of the same; thus enabling the tenants and occupants of such buildings to call up messengers of your orator to come and receive their messages to be sent over the lines of the Western Union Telegraph Company; such call-box service to be similar to that which is now owned and operated, and which for many years last past has been owned and operated, by the Postal Telegraph-Cable Company in the City of Toledo"; and that the officials mentioned made the following reply:

"The wires, cables, fixtures, etc., pertaining to the local messenger call-box system, which you include in your request, were erected under the temporary injunction granted by Judge Clark, which has been dissolved, and his decision reversed, were not constructed under the supervision or approval of the proper officials of the City of Toledo. Furthermore, we have not the authority to issue a permit or grant any rights to any person, company, or corporation for any such purpose without the applicant having first obtained a permit, license or franchise from the common council of the city of Toledo.

As you are aware, we have been especially instructed by the common council not otherwise to issue permits for such a messenger call-box system."

To this amended and supplemental bill the defendants demurred for want of equity. The court sustained the demurrer, and, the complainant not asking to plead further, dismissed the bill. The complainant then prayed an appeal, which was allowed.

On the former appeal this court distinctly held, in the opinion delivered by Judge Wanty, as will be seen by reference thereto, that "the complainant should have made the usual applications for permits to string its wires, stating exactly what was required, in accordance with the regulations of the city, with which it had been accustomed to comply; and it had no right to construct its works in defiance of those requirements." The propriety and the necessity for making such applications and obtaining such permits as required by the regulations of the city, were pointed out in a previous part of the opinion, where it was said:

"It is necessary for its fire protection, and a proper knowledge of the obstructions in its streets, and the use to which its public places are being subjected, for the city to know, before any construction is put in, what is contemplated, and to have the work done under the supervision of its officers; and the complainant is no more exempt from such restrictions than any other corporation rightfully occupying the streets and alleys of the city."

We are at a loss to understand why, in the face of that decision, the complainant should have neglected to apply to the common council, and, instead of doing so, should have applied to subordinate officers of the city, having no authority in the premises, as the complainant should have known, and as it was informed by the officers to whom the application was made. At all events, such a proceeding furnishes no ground for the conclusion drawn by the bill that the city refuses to grant the permit required. There is nothing whatever which gives any substantial reason for supposing that the permit will not be granted when it is applied for in such form as will enable the common council to exercise its proper functions of prescribing the manner and supervising the execution of the work.

Much argument is expended with a view to induce the court to modify its former decision. But this ought not to be expected. That decision became the law of the case upon all the questions determined thereby; and, whatever may be our power in that regard, considering that the former decision was upon an order granting a preliminary injunction, it is our duty to adhere to the determinations there made. Otherwise they would remain continually open. Stoll v. Loving (a case lately decided by this court) 120 Fed. 805.

Upon the former appeal in the present case our judgment reversing the order of the Circuit Court in the end turned upon the question whether the telegraph company, upon the case stated in the bill, was bound to make application to the common council for a permit before it could lawfully construct its projected works; and we held that it was so bound. What has since been done by the telegraph company in no wise relieves it from that obligation.

The court below was bound by the former decision of this court,

and could not do otherwise, consistently therewith, than to sustain the demurrer, as it did. Its decree dismissing the bill is therefore affirmed. The costs in both courts will be paid by the appellant.